Orin W. SHULTZ, Appellant,

v.

STATE OF NEBRASKA, Appellee.

No. 17910.

United States Court of Appeals
Eighth Circuit.

Dec. 6, 1965.

Orin W. Shultz, in pro per.

Clarence A. H. Meyer, Atty. Gen., Lincoln, Neb., for appellee.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

PER CURIAM.

The petitioner, Orin W. Shultz, while an inmate in the Nebraska State Penitentiary, was convicted in state court of second degree arson and sentenced to a term of seven years' imprisonment. Petitioner and others had been charged with setting fire to a building within the prison complex during a prison riot.

Pursuant to 28 U.S.C.A. § 2254, petitioner filed a petition for writ of habeas corpus in the Federal District Court of Nebraska. Counsel was appointed for petitioner and a plenary hearing was held. The District Court denied the petition and this appeal lies from that denial.

■ Petitioner first contends that his state court conviction is void since he was proceeded against under the wrong statute. There exists in addition to the arson statute used as a basis for his conviction another Nebraska statute making unlawful an *attempt* to set fire to a prison building. The District Court noted that the statute petitioner asserts should have been utilized is merely an *attempt* statute, but ruled that the issue was inappropriate for resolution under federal habeas proceedings as the Constitution, treaties or laws of the United States were not involved. The District Court in its memorandum opinion cited Townsend v. Sain, 372 U.S. 393, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962) and Bizup v. Tinsley, 316 F.2d 284 (10th Cir. 1963).

We agree with the District Court's ruling.

■ Petitioner next contends that the sentence imposed in state court was ambiguous. He asserts that the sentencing judge pronounced sentence "to run consecutive *into* the sentences defendant is now serving." The evidence on this issue was conflicting. The District Court found lack of ambiguity based on a certified copy of the sentence, the commitment papers prepared and certified by the clerk, and a certified copy of the court reporter's notes on the day of the sentence. All of this evidence recited that the sentence was to run "consecutively to all the sentences" petitioner was then serving. This evidence convinced the trial court that there was no ambiguity in the sentence and it was clear that the sentence was to run consecutively to the sentences being served by petitioner.

■ The final contention also presents a factual issue. Petitioner contended that two inmates of the Nebraska Penitentiary were threatened by prison officials if they testified for petitioner at his trial. This allegation was categorically denied by the prison officials and the District Court ruled adversely to petitioner after hearing all the evidence.

■ On appeal, the Court of Appeals will not retry issues of fact or substitute its judgment with respect to such issues for the judgment of the trial court. Consolidated Sun Ray, Inc. v. Oppenstein, 335 F.2d 801 (8th Cir. 1964). Resolution of evidentiary conflicts is the function of the trial court, and it is only necessary for the reviewing court to determine on review whether findings supporting the judgment have an evidentiary basis. Harry Alter Co. v. Chrysler Corp., 285 F.2d 903 (7th Cir. 1960).

■ The findings of the District Court on the factual issues here are supported by substantial evidence and will not be disturbed.

The order of the District Court denying the petition for a writ of habeas corpus is affirmed.