Jimmie BAINES, Appellant,

v.

H. R. SWENSON, Warden, Appellee.

No. 18725.

United States Court of Appeals
Eighth Circuit.

Oct. 31, 1967.

———◆———

Jimmie Baines, pro se.

Norman H. Anderson, Atty. Gen., and Donald L. Randolph, Asst. Atty. Gen. of Missouri, Jefferson City, Mo., filed printed brief for appellee.

Before MEHAFFY and GIBSON, Circuit Judges, and STEPHENSON, District Judge.

PER CURIAM.

In 1964 appellant was convicted of a state narcotic offense in the State of Missouri and sentenced to a term of ten years. The District Court denied appellant's federal petition for writ of habeas corpus upon the ground that he has failed to exhaust state remedies. The petition before us alleged that appellant was unlawfully arrested without warrant, and that the search and seizure of narcotics which followed was illegal, and in deprivation of his constitutional rights. Appellant also alleges that he was deprived of due process and fair trial by the use of perjured testimony.[1]

Prior to trial in the state court, appellant's motion to suppress the seized evidence was denied, and his motion for new trial, also incorporating the issue of unlawful search and seizure, was also denied. On appeal from his conviction, the Supreme Court of Missouri found that under the Missouri law the officers had probable cause for arrest, and the search and seizure which followed was lawful. State v. Baines, 394 S.W.2d 312, cert. denied 384 U.S. 992, 86 S.Ct. 1900, 16 L.Ed.2d 1008.[2]

Although no post-conviction motion has been filed under the Missouri provision for collateral review of criminal convictions, Supreme Court Rule of Criminal Procedure No. 27.26, 42 V.A.M.S., appellant alleges that he has exhausted his state remedies within the meaning of 28 U.S.C.A. § 2254, since he has already raised the search and seizure issue

---

1. Appellant asserts that the arresting officers in testifying "lied" about the circumstances of the arrest—i. e., that their testimony was contrary to appellant's version of those circumstances. It does not appear that the question of alleged perjury has ever been raised in the state court.

2. In this appeal to the Missouri Supreme Court, no brief or argument was presented on behalf of defendant, and the state court reviewed the conviction under rules which focused the appeal on errors raised in the motion for new trial. Cf. Bosler v. Swenson (8 Cir. 1966), 363 F.2d 154, affirmed Swenson v. Bosler (1967), 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33, and Swenson v. Donnell (8 Cir. 1967) 382 F.2d 248, which held that any procedure which dispensed with counsel on appeal for indigent defendants was a violation of due process of law.

three times in the state courts—prior to trial, in the motion for new trial, and on the appeal from his conviction—and that it is not necessary for him to again raise the matter in a collateral state proceeding before applying to the federal court for relief.

This Court has been ever mindful of the rules of comity and the "exigencies of federalism" which persuade the federal judiciary to stay its hand for purposes of allowing the state courts every opportunity to administer their criminal laws and procedure in a light becoming to current constitutional standards applicable to the states under the Fourteenth Amendment of our Constitution. Thus, in Mahurin v. Nash, (8 Cir. 1963) 321 F.2d 662, cert. denied, 375 U.S. 977, 84 S.Ct. 497, 11 L.Ed.2d 422, Donnell v. Nash, (8 Cir. 1963) 323 F.2d 850, cert. denied, 376 U.S. 924, 84 S.Ct. 686, 11 L.Ed.2d 619, rehearing denied, 376 U.S. 959, 84 S.Ct. 974, 11 L.Ed.2d 978, and Hooper v. Nash, (8 Cir. 1963) 323 F.2d 995, cert. denied, 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768, we determined that the State of Missouri should be afforded another opportunity to review criminal convictions in the light of the then recent decisions of the Supreme Court in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. In *Mahurin* the primary state interest was recognized in these words, 321 F.2d at 664:

"We think it only fitting to assume that, in the situation which must now be accepted as confronting from Fay v. Noia, supra, and Townsend v. Sain, supra, the State of Missouri will desire to prevent, to the fullest extent legally possible, its administration of criminal justice and its control of convicted violators from having to be dealt with in federal habeas corpus power, and that it therefore probably will hold that Rule 27.26 is available to examine and correct any alleged constitutional violations in conviction, sentence, or restraint, as they are held to remain open by Noia, and as they implicitly are held to be entitled to the procedural standards of Townsend, if the State is going to undertake to effect proper disposition of them."

In Donnell v. Nash, supra, 323 F.2d at 851, the rule was stated thusly:

"In other words, we believe that, as a matter of appropriate federal-state relationship and fitting judicial deference in this special situation, the federal courts ordinarily, before entertaining an application by a state prisoner for federal habeas corpus relief, should require him *to again seek* consideration and determination of his claims of constitutional violation under the state's collateral-attack remedy, in order to give the state courts the opportunity to examine and deal with such claims on the basis of the concepts and standards of the Noia and Townsend decisions." [Emphasis supplied]

See also, Cyronne-DeVirgin v. State of Missouri, (8 Cir. 1965) 341 F.2d 568, cert. denied 382 U.S. 895, 86 S.Ct. 189, 15 L.Ed.2d 151, where denial of the federal writ was affirmed in the light of new Missouri provisions for review of the prisoner's present sanity, and Ellenson v. Fugate, (8 Cir. 1965) 346 F.2d 151, where note was taken of new Nebraska post-conviction legislation.

It now appears that after appellant's petition was denied below, the Supreme Court of Missouri extensively revised and amended its Criminal Rule 27.26, the revision becoming effective September 1 of this year. It would not be proper for us to anticipate procedures which will be followed in effectuating this new rule. However, on its face, we note that whenever there is any question of fact to be determined in a post-conviction proceeding, a full evidentiary hearing will be had, the testimony will be transcribed, and an indigent defendant shall have the

right to appointed counsel, the right to attend the hearing if a substantial fact issue is presented, the right to a transcript on appeal, and the right to appointed counsel on appeal.

The new rule has been described as a radical change in procedure. State v. Maxwell, (Mo.1967) 411 S.W.2d 237, 241. Its purpose was explained by the Supreme Court of Missouri, en banc, in these words, State v. Stidham, (Mo.1967) 415 S.W.2d 297, 298:

> "The amended rule was.adopted after considerable study and is intended to provide a post-conviction procedure in accord with the principles enunciated in the so-called trilogy of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Further in keeping with the teachings of the trilogy, the amended rule is designed to discover and adjudicate all claims for relief in one application and avoid successive motions by requiring motions to be in questionnaire form and by providing for the appointment of counsel if the motion presents questions of law or issues of fact and the movant is shown to be indigent." [3]

We must find that appellant presently has available to him a state remedy which he may pursue, and that he has not exhausted his state remedies.

The judgment is affirmed.

---

3. Future consideration of federal applications by Missouri state prisoners should be facilitated by the provisions of the revised Rule 27.26, under new guidelines established by the recent amendment to 28 U.S.C.A. § 2254, Public Law 89–711, 80 Stat. 1104, November 2, 1966, inapplicable here since appellant's federal petition was filed before that date.

Under new paragraph (d) of § 2254, the state court determination upon a question of fact is to be deemed presumptively correct unless the applicant is able to establish that the state fact-finding procedures were inadequate to provide a full and fair hearing on the issues. Proper application of the new provisions of § 2254 presupposes that some full and adequate record and findings of the state court are available for admission in the federal proceeding. Legislative history of the amendment to § 2254 indicates that one of its purposes was to encourage enlightened state post-conviction procedures. The following appears from the Report of the Habeas Corpus Committee to the Judicial Conference of the United States, U.S.Code Cong. & Adm.News, 89th Cong. 2d Session, quoted at p. 3665:

> "It is the opinion of your committee that the proposed legislation, if enacted, will be a strong inducement to the States that have not already done so to provide adequate postconviction remedies and procedures and to make and keep available records of evidentiary matter in criminal and postconviction proceedings, and to the State courts in criminal proceedings to safeguard the constitutional rights of defendants."