Earl Vandyne **WORLEY**, Appellant,

v.

Harold **SWENSON**, Warden, Missouri State Penitentiary, Appellee.

No. 18985.

United States Court of Appeals Eighth Circuit.

Nov. 22, 1967.

——◆——

Before MATTHES and LAY, Circuit Judges.

PER CURIAM.

In 1962 appellant was convicted in the State of Missouri of the offense of illegal possession of narcotics, and he was sentenced to a term of ten years. In July, 1966, he filed his federal petition for writ of habeas corpus in the Western District of Missouri, basing his claim for relief upon an alleged illegal search and seizure, denial of counsel at preliminary hearing, and use of perjured testimony. The petition was transferred to the Eastern District of Missouri, and there, the district court appointed counsel to represent appellant, and certain state records were provided by appellee.

By supplementary petition, appointed counsel requested evidentiary hearing upon the issues of denial of counsel at the preliminary hearing, use of perjured testimony, search and seizure, and other issues, asserting that there was no adequate state record to determine the underlying facts with reference to these issues. By memorandum order of July 17, 1967, the district court dismissed the petition, finding that no evidentiary hearing would be necessary. In part, this dismissal was based upon findings that appellant had failed to preserve the issues for federal review by reason of his default and failure to make timely ob-

jections during trial and on appeal from his conviction.

A certificate of probable cause for appeal was granted by the district court, and the case was docketed in this court. The matter is now before us on application by appellant for appointment of counsel to represent him on the appeal.

After relief was denied in the district court, appellant was released from the custody of appellee. Whether this release was had upon parole or conditional release does not appear. This, of course, would not defeat his right of review in the federal court. Jones v. Cunningham (1963), 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285.

The files and records reflect that the state conviction was appealed to the Supreme Court of Missouri, and was affirmed. State v. Worley (Mo.1964), 375 S.W.2d 44; that a motion was filed for post-conviction relief under Missouri Supreme Court Rule No. 27.26, V.A.M.R., that relief was denied by the sentencing court without hearing, and that this action was affirmed by the appellate court. State v. Worley (Mo.1964), 383 S.W.2d 529. This affirmance was partially made upon a finding that appellant had failed to timely raise the issues during trial and on appeal.

Subsequent to the institution of these federal proceedings, the Supreme Court of Missouri amended Rule No. 27.26, and new post-conviction procedures are to be followed, effective September 1, 1967. This new rule has been described as a radical change in procedure (State v. Maxwell (Mo.1967), 411 S.W.2d 237, 241), and designed to effectuate more fully the teachings of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (State v. Stidham (Mo.1967), 415 S.W.2d 297, 298).

The new rule provides that whenever there is any question of law or issue of fact to be determined counsel shall be

appointed to assist an indigent applicant. Unless the motion and the files and records of the case conclusively show that the applicant is entitled to no relief, a prompt hearing will be held and this hearing will be an evidentiary one when issues of fact are raised in the motion. Inasmuch as it is entirely probable that appellant will now obtain an evidentiary hearing on his claims under the new rule, we conclude that he has not fully exhausted a presently available state remedy. See Baines v. Swenson, Warden, 5 Cir., 384 F.2d 621, decided October 31, 1967. There may, however, be some question of appellant's standing to proceed under Rule 27.26, since it appears to require that the prisoner be "in custody" under the sentence which he seeks to vacate.

In light of the realistic approach Missouri has pursued in providing a comprehensive post-conviction remedy, we believe that the Missouri courts should be afforded the opportunity, in light of Jones v. Cunningham, supra, to consider appellant's present attack upon his conviction. Cf. State v. Gray (Mo.1966), 406 S.W.2d 580. Accordingly, the order of the district court dismissing the petition for writ of habeas corpus is vacated, and the case is remanded to the district court with directions to stay proceedings pending a renewed application by appellant for relief under the new Missouri Supreme Court Rule 27.26. In the event that the state court declines to entertain jurisdiction of such motion, then the district court is directed to reconsider and determine whether or not appellant's state procedural defaults in failing to raise federal constitutional issues were such as to constitute a deliberate bypassing of the orderly procedures of the state court, with forfeiture of state remedies. Fay v. Noia, 372 U.S. 391, 438–439, 83 S.Ct. 822, 9 L.Ed.2d 837. If the district court finds that such forfeiture does not appear, that court should reconsider the question of whether an evidentiary hearing will be required, and enter such further findings and orders as may be appropriate.