**Arthur CHEEK, Appellant,**

**v.**

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 18779.**

United States Court of Appeals
Eighth Circuit.

Dec. 4, 1967.

**340**

---

Arthur Cheek, pro se.

Norman H. Anderson, Atty. Gen. of Missouri, Jefferson City, Mo., and Richard C. Ashby, Asst. Atty. Gen., Jefferson City, Mo., filed brief of appellee.

Before VOGEL, Chief Judge, and MATTHES and BLACKMUN, Circuit Judges.

PER CURIAM.

The court below dismissed without prejudice appellant's petition for writ of habeas corpus upon the ground of his failure to establish the exhaustion of post-conviction remedies currently available to him in the State of Missouri.

Appellant, a prisoner of the State of Missouri, alleges that in 1958 he was convicted of murder in Stoddard County, Missouri and was sentenced to a life term; that his appeal from this conviction was dismissed on motion of the state "due to petitioner's inability to secure or have appointed assistance of counsel";

that beginning in October, 1964, he filed a series of petitions in various state courts seeking post-conviction relief; that he filed one motion under Missouri Supreme Court Rule 27.26, V.A.M.R., which was denied without hearing. Apparently appellant unsuccessfully attempted to process an appeal from denial of this Rule 27.26 motion. In this connection he submits that the sentencing court should have provided a transcript and appointed an attorney for the purpose of pressing this appeal in the Supreme Court of Missouri. His last effort, termed a writ of habeas corpus, more properly appears to have been in the nature of a writ of mandamus, in that he sought an order from the Missouri Supreme Court to require the trial court to process the appeal. Relief was denied by that court for failure "to state a claim on which any relief can be granted."

It does not appear with any clarity what federal constitutional issues would underlie a consideration of the legality of appellant's conviction. There is no copy of the motion filed under Rule 27.26 in the sentencing court and it is impossible to ascertain what issues were before that court or whether or not the dismissal was upon the merits. In his federal petition, appellant suggests that "an insanity issue was not properly disposed of," that he did not have "47 jurors on his panel," and that it was unlawful under the constitution to try him for an "infamous crime" by information.

We believe that appellant misunderstands the nature of the federal writ of habeas corpus, for the particular relief which he seeks is an order to compel the state court to proceed with an appeal from the denial of relief under the Rule 27.26 motion filed in 1964. He appears to believe that the federal court serves as an appellate arm of the state court system, with the power and duty to enforce state criminal laws and procedures. This is illustrated by his assertion that he is being unconstitutionally restrained of his liberty by reason of the failure to grant him the right of appeal, and he requests

a hearing "to determine why he is being denied the right to appeal."

It is regrettable that this basic misunderstanding has been the cause of considerable delay in the processing of his federal petition. In July, 1966, the district court filed an order noting that appellant's petition failed to describe the grounds relied upon in the Rule 27.26 proceeding, and that it was not clear whether or not currently available state remedies had been exhausted. Appellant was directed to file a copy of each motion tendered to the state courts, but these copies were never received by the district court, and that court ultimately dismissed the petition in January, 1967.

Again, and most appropriately, we note the recent action taken by the Supreme Court of Missouri in the amendment of Rule 27.26, which provides for new and radical changes in post-conviction procedures, effective September 1, 1967. See Baines v. Swenson, Warden, 384 F.2d 621 (8th Cir. Oct. 31, 1967); Maness v. Swenson, Warden, 385 F.2d 943 (8th Cir. Nov. 17, 1967); Worley v. Swenson, Warden, 386 F.2d 186 (8th Cir. Nov. 22, 1967). The rule as amended provides that if a motion presents questions of law or issues of fact, counsel will be appointed to assist an indigent prisoner, and unless the record conclusively shows that the prisoner is entitled to no relief, an evidentiary hearing will be had to determine disputed issues of fact. Perhaps of particular interest to appellant here are the provisions governing an appeal from any denial of Rule 27.26 relief:

> "(k) Costs. If the trial court finds that a prisoner desiring to appeal is an indigent person, it shall authorize an appeal *in forma pauperis* and furnish without cost the transcript of such proceeding for appellate review. * * * "

> "(l) Counsel on Appeal. If a prisoner desires to appeal and contends he is without means to employ counsel to perfect the appeal, the trial court, if satisfied that the prisoner is an indi-

gent person, shall appoint competent counsel to conduct such appeal. * * "

We are of the view that a renewed application may now be made by appellant under Rule 27.26, as amended, and that under the new procedures, with aid of counsel, he will be afforded an opportunity for a full review of his conviction, a review which apparently he has never had. Under the circumstances, we conclude that appellant has not fully exhausted a presently available state remedy. Accordingly, the judgment of the district court is affirmed.