**Joe HEGWOOD, Appellant,**

v.

**Harold R. SWENSON, Warden, Appellee.**

**No. 19634.**

United States Court of Appeals
Eighth Circuit.

Oct. 30, 1969.

---

1. We do not deem it necessary to consider whether any other proper premise for federal relief is reflected in the record.

Joe Hegwood, pro se.

No brief was filed by appellee.

Before MEHAFFY, GIBSON and HEANEY, Circuit Judges.

PER CURIAM.

Appellant Joe Hegwood, an inmate of the Missouri State Penitentiary, is presently serving a life sentence upon his plea of guilty of armed robbery. This appeal is from a dismissal without prejudice of Hegwood's federal petition for writ of habeas corpus. The district court based its order of dismissal upon Hegwood's failure to exhaust his state remedies available under Missouri Supreme Court Amended Rule 27.26, V.A. M.R. of January 9, 1967 which became effective September 1, 1967. We affirm.

Hegwood was represented by appointed counsel when he pleaded guilty at his original trial and no appeal was taken from that conviction. Subsequently, however, Hegwood as an indigent collaterally attacked the judgment of conviction and sentence under provision of the then Missouri Supreme Court Rule No. 27.26, 42 V.A.M.S. Hegwood appealed pro se to the Missouri Supreme Court from an adverse decision and that court affirmed denial of Hegwood's motion to vacate judgment and sentence. State v. Hegwood, 415 S.W.2d 788 (Mo. 1967). Hegwood was not provided ap-pointed counsel in his state collateral proceeding as there was no provision for such in Missouri until the aforementioned amended Rule 27.26 became effective. This court has had frequent occasions to note and discuss the new Missouri Rule 27.26. Cheek v. Swenson, 387 F.2d 339 (8th Cir. 1967); Worley v. Swenson, 386 F.2d 186 (8th Cir. 1967); Maness v. Swenson, 385 F.2d 943 (8th Cir. 1967); Collins v. Swenson, 384 F.2d 623 (8th Cir. 1967); Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967).

The amended Missouri Rule 27.26 provides for furnishing to indigent persons whose motions present questions of law or issues of fact appointed counsel both for the evidentiary hearing and upon appeal. The Missouri court adopted this amendment so as to implement the procedural requirements pronounced by the Supreme Court in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Hegwood complained in his federal petition for habeas corpus, among other things, of the failure of the state to furnish him counsel at the evidentiary hearing and on his appeal therefrom. The federal district court noted in its order that it is clear from its decisions that the Missouri Supreme Court will now grant Hegwood a new hearing on the merits under its amended Rule 27.26. See State v. Stidham, 415 S.W.2d 297 (Mo.1967).

We agree with the district court that under the circumstances here Hegwood has not exhausted the state remedies available to him now and that by filing a new motion under the amended Missouri rule with the sentencing court he could present all contentions and issues he raised in the federal court. Thus he has not exhausted his state court remedies and the order overruling his federal petition for writ of habeas corpus was properly denied.

Affirmed.