**Jerome HOLLAND, Petitioner,**

**v.**

**Harold R. SWENSON, Warden, Respondent.**

**No. 17731-1.**

United States District Court
W. D. Missouri, W. D.

Nov. 26, 1969.

**1094**

Jerome Holland, pro se.

John C. Danforth, Atty. Gen., of Missouri, Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

JOHN W. OLIVER, District Judge.

I.

This State prisoner habeas corpus case presents an exhaustion question which arises with some frequency in this Court. We therefore deem it appropriate to file a full memorandum opinion. The question presented is whether a State prisoner who has unsuccessfully sought postconviction relief in the State trial and appellate courts pursuant to one or more motions filed pursuant to old Missouri Rule 27.26, V.A.M.R. (before its 1967 amendment) must nevertheless exhaust his currently available State postconviction remedy by filing still another postconviction motion in the State courts under the new Missouri Rule 27.26 (after its 1967 amendment) before this Court exercises its habeas corpus jurisdiction.

Appropriate considerations of State and federal comity require that such a petitioner must exhaust his remedies in an Amended Missouri Rule 27.26 proceeding before this Court exercises the jurisdiction conferred on it by the Habeas Corpus Act of 1867, as amended. See Baines v. Swenson, (8th Cir. 1967) 384 F.2d 621, and its progeny.

II.

In this case the petitioner alleges the following grounds in his petition for federal habeas corpus:

(a) Because contrary to and in direct violation of due process of the law, petitioner's plea of guilty to the offense in this matter was an involuntary plea; that the plea was an equivocal plea, under Supreme Court Rule 25.04, and under current Federal cases similar; that the plea of guilty should not have been accepted.

(b) Because the information upon which this conviction is based is "fatally" defective and will not advise the petitioner of the nature and cause of the accusation against him, contrary to the Sixth and Fourteenth Amendments to the Constitution of the United States.

Our examination of the State court files and records attached to the response to our standard order to show cause establishes that an appropriate evidentiary hearing has not been held in connection with those contentions and that petitioner has not exhausted his currently available State court postconviction remedies under which he is entitled to an evidentiary hearing on those and other claims apparent from the State court record.

We are required so to conclude despite the fact that the Supreme Court of Missouri has twice reviewed and affirmed state trial court rulings which denied postconviction relief in State v. Holland, (Sup.Ct. of Mo., Div. 1, 1967) 411 S.W. 2d 181; and State v. Holland, (Sup.Ct. of Mo., Div. 1, 1969) 438 S.W.2d 275. We also recognize that it is not unlikely that the trial and appellate courts of Missouri will be required to hear and determine still a third postconviction motion which the petitioner may elect to file in order to exhaust his available

State postconviction remedies pursuant to Amended Missouri Rule 27.26.

### III.

Petitioner's first postconviction motion, filed under old Missouri Rule 27.26 before its 1967 amendment, presented many questions which were not and have not been appropriately dealt with by the courts of Missouri either at the evidentiary hearing held in connection with that motion or elsewhere.[1]

The transcript of the evidentiary hearing held March 10, 1966 in connection with petitioner's first postconviction motion shows that the State trial judge viewed that motion as presenting only the question of whether petitioner's sentence should be set aside "on the basis that you were not mentally competent to enter a plea" (Tr. 36). The limited scope of the evidentiary hearing is further reflected by the short direct examination of petitioner conducted by a member of the Public Defender's Office who apparently was appointed to represent petitioner on the day of the hearing (Tr. 38) and by the equally brief cross-examination conducted by the Assistant Prosecuting Attorney on behalf of the State (Tr. 43). Petitioner's direct examination was, for the most part, confined to inquiries of whether the petitioner or any member of his family had ever received a mental examination. In conducting his cross-examination, the Assistant Prosecuting Attorney stated to petitioner that "it is your position here that you did in fact need a mental examination and that also that is the reason that you feel that the Court ought to grant you further relief; that you now need a mental examination" (Tr. 45).

When the petitioner attempted to describe the circumstances under which he had given a statement to the police, the Assistant Prosecuting Attorney indicated that he was not interested in those circumstances, stating that "I am trying to stick to questions that would pertain to this motion" (Tr. 45).[2]

1. Petitioner's first postconviction motion alleged that petitioner was misled, misguided, and overwhelmingly dominated by the attorney who represented him when he withdrew his plea of not guilty and entered a plea of guilty to the charge of first degree murder; that he had not understood what his attorney had said to him as to why petitioner should have withdrawn his plea of not guilty; that had he been more clearly apprised of the real nature and true meaning of what his attorney was saying he would not have withdrawn his plea of not guilty; that had be been more fully apprised of the defenses available to him, he would not have consented to having his original not guilty plea withdrawn; that the recitation of the prosecuting attorney concerning the circumstances of the homicide, if true, was not sufficient to substantiate a conviction of first degree murder; that petitioner was entitled to a defense of self-defense; that such defense was known to petitioner's counsel, was partially corroborated by the prosecutor's statement to the trial court, but was not known to petitioner and was not called to the attention of the State trial judge; that he was never advised by his attorney of any defenses available to a charge of first degree murder, namely, self-defense, lessor degrees of murder, and involuntary manslaughter; that the question of petitioner's mental competency was first raised by the State trial judge on that judge's own motion but that petitioner was denied the mental examination to which he was entitled as a matter of law and which both he and his sister had requested because of the refusal of his counsel to present an appropriate motion to the State trial judge; that his counsel had failed to make an appropriate examination of the facts and the law in regard to petitioner's mentality and that he was thereby deprived of a mental examination and psychiatric observation to which he was entitled; that the transcript of the proceedings at the time petitioner's plea of guilty was accepted shows that Missouri's Rule 25.04 was not complied with at the time the State trial judge accepted his plea of guilty; and that his counsel, as well as the State trial judge, had failed to make appropriate inquiry into whether a statement petitioner had given the police had been voluntarily given.

2. The State moved to dismiss without holding an evidentiary hearing. Such motion was in total and obvious disregard of the federal constitutional principles enunciated three years earlier in Townsend v.

We find and conclude under the circumstances that the central thrust of the evidentiary hearing was focused on the single question relating to petitioner's mental condition and that neither petitioner's appointed counsel nor the Assistant Prosecuting Attorney attempted to develop testimony either from the petitioner or from other sources which related directly to petitioner's other claims.[3]

At page 182 of 411 S.W.2d, involving petitioner's first appeal in the Supreme Court of Missouri, petitioner's contentions were accurately stated as follows:

First, he contends that the court erred in overruling his motion, because the plea was entered equivocally. He asserts that for this reason the court should not have accepted his plea and should have entered a plea of not guilty as required by Rule 25.04, V.A.M.R. Second, he contends that at the time of his plea he " * * * was under a misapprehension of law and fact * * * " . . .

---

Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). That motion, of course, was filed before the Supreme Court of Missouri amended Missouri Rule 27.26 in January, 1967. Since Missouri's Amended Missouri Rule 27.26 became effective in September, 1967, we know of no instances in which the State has attempted to maintain the same position it attempted to maintain in this case.

It should also be noted that the State trial judge did not grant the State's motion. Such action was consistent with the enlightened view the Circuit Court of Jackson County, Missouri, has taken in regard to postconviction proceedings. See Postconviction Applications, 45 F.R.D. 199 at 215 for a report of that trial court's conscientious application of the principles of the Supreme Court of the United States 1963 habeas corpus trilogy under Amended Missouri Rule 27.26.

3. No effort, for example, was made to develop the circumstances which prompted the petitioner's statement at the time his plea of guilty was accepted on October 25, 1965 that the deceased had "attacked me, and he knocked me in the head; he cut me right there (indicating) and robbed me [on the Friday before the homicide]" (Tr. 7–8). In regard to what happened the following Monday, the day of the homicide, petitioner stated that "this guy attacked me, when I walked to the door * * * he attacked me, knocked me all the way back to my car * * * he jumped on me, for no reason at all. That's when I reached in the window, got the gun and shot him" (Tr. 8). The State trial judge appropriately stated at the time petitioner's plea of guilty was accepted that "from what he said, he indicates self-defense" (Tr. 10). The Prosecuting Attorney at that time corroborated petitioner's statement that "a few days before * * * there was an altercation" and that petitioner had in fact received "a cut on his hand which required hospitalization" (Tr. 6–7). Although the circumstances of the homicide were obviously in dispute, as the State trial judge then stated, petitioner's counsel volunteered, "Judge, he made a statement" and added that "this statement is really an admission of guilt" (Tr. 10).

The circumstances under which that statement was taken were not developed in any detail at the evidentiary hearing. There is, however, a clear indication in the record now before this Court that petitioner, who had only one leg, had jumped off some roof after the homicide (Tr. 10); that even though he broke his single leg, he nevertheless turned himself in to the police; that because "I wasn't able to walk * * * I had to crawl up those courthouse steps * * * and they took me into some office in there and went to questioning me" (Tr. 45). Petitioner also testified that "I don't even know what I was saying and the statement I signed I couldn't even read it because I didn't have no glasses * * *. And they wouldn't take me to the hospital until I made a statement" (Tr. 45).

We indicate no view concerning those circumstances. Those circumstances are stated in this footnote solely to show that substantial disputed questions of relevant fact were not appropriately explored at the evidentiary hearing on petitioner's first postconviction motion.

Because of the limited scope of the evidentiary hearing and the limited number of legal questions presented to the Supreme Court of Missouri in the briefs filed by the parties on the appeal from the State trial court's denial of petitioner's first motion for postconviction relief, it is obvious that the Supreme Court of Missouri did not and could not, in its first appellate review of petitioner's case, pass on the merits of the questions petitioner presently attempts to present in his pending petition for federal habeas corpus.

#### IV.

Petitioner filed a second Missouri Rule 27.26 motion on August 27, 1967. The only grounds presented in that motion were as follows:

(a) Defective information omitting the essential elements in charging the means by which the accused inflicted a mortal wound causing death of the deceased.

(b) Defective information omitting the essential elements that the alleged dangerous and deadly weapon, to-wit: a shotgun, loaded with gunpowder and leaden pellets was the means inflicting the mortal wound.

(c) Defective information omitting the essential elements that the deceased was "killed or murdered," and will not apprise the accused of the nature and cause of the accusation.

Although Missouri Rule 27.26 was amended on January 9, 1967, it did not become effective until September 1, 1967, a few days after petitioner had filed his second Missouri Rule 27.26 motion. The State trial judge therefore was not required to appoint, nor did he appoint counsel to represent the petitioner in connection with his second postconviction motion. Accordingly, no amended motion was filed in which the unanswered questions apparent from petitioner's first motion were presented. No evidentiary hearing was held in connection with petitioner's unamended second postconviction motion.

The single ground asserted in the second motion was determined as a matter of law on the basis of the State trial court's files and records. The second postconviction appellate review by the Supreme Court of Missouri, reported in 438 S.W.2d 275, appropriately noted its limited scope of review by stating that:

The present motion is based on the claim that the information was defective in that it did not make it plain whether the shotgun used by the defendant in making the felonious assault was used to shoot the deceased or whether defendant used it as a club.

The Supreme Court of Missouri affirmed the State trial court's denial of postconviction relief for the second time. It did not, indeed, it could not on the record presented to it, decide anything more than a piecemeal segment of petitioner's total claims because those provisions of Amended Missouri Rule 27.26 which were designed to avoid exactly what has been happening in this case were not applied by the State trial court when it processed petitioner's postconviction motions.

#### V.

The postconviction history of this case illustrates some of the reasons why the Supreme Court of Missouri elaborately and radically amended Missouri Rule 27.26. See State v. Maxwell, (Mo. Sup.Ct., Div. 2, 1967) 411 S.W.2d 237 at 241. Cf. State v. Stidham, (Sup.Ct. of Mo. en banc, 1967) 415 S.W.2d 297. In order to avoid the sort of piecemeal litigation which is illustrated by this case, paragraph (c) of Amended Missouri Rule 27.26 provided that the motion "shall include every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence." More importantly, paragraph (h) of the amended rule imposed the mandatory duty upon appointed postconviction counsel "to ascertain from the [petitioner] whether he has included all grounds known to the prisoner as a basis for attacking the judgment and [decree]

**1098**

and to amend the motion to include any claims not already included."

Appropriate application of paragraphs (c) and (h) of Amended Missouri Rule 27.26 to either of the two State post-conviction motions filed in this case would have avoided the waste of untold hours of judicial time. Instead of being required to deal piecemeal with various of petitioner's postconviction contentions, appointed counsel would have filed an appropriate amended motion in which all of petitioner's State and federal claims would have been the subject of a single full evidentiary hearing at which all evidence concerning each claim would have been adduced.

Under current Missouri postconviction law, it is apparent that the petitioner has a presently available right to proceed under Amended Missouri Rule 27.26 because neither of his two post-conviction motions were in fact processed under that rule. We are confident that Amended Missouri Rule 27.26 will be properly applied by the State trial judge in the event petitioner files a third post-conviction motion and that when and if this case reaches the Supreme Court of Missouri for its third appellate review that such court will be afforded an opportunity to rule all of petitioner's State and federal claims which have not yet been considered by that court on the merits.

This Court has consistently refused to exercise its more than a century old habeas corpus jurisdiction vested in it by the Habeas Corpus Act of 1867 under the circumstances presented in this case. The Eighth Circuit Court of Appeals has consistently affirmed. See Cheek v. Swenson, (8th Cir. 1967) 387 F.2d 339, and cases cited therein.

For the reasons stated, it is

Ordered that the pending motion for habeas corpus should be and the same is hereby dismissed without prejudice for the reason that petitioner has not, within the meaning of Section 2254(b), Title 28, United States Code, exhausted the postconviction corrective process available to him in the courts of Missouri pursuant to Amended Missouri Rule 27.26.