**Walter RUSSELL, Appellant,**

v.

**STATE OF MISSOURI, Appellee.**

**No. 74–1690.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1974.

Decided March 7, 1975.

Rehearing Denied March 28, 1975.

---

Walter Russell, pro se.

John C. Danforth, Atty. Gen., and Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., on brief for appellee.

Before LAY and BRIGHT, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

LAY, Circuit Judge.

The petitioner, Walter Russell, appeals from the denial of a writ of habeas corpus by the United States District Court for the Western District of Missouri. Petitioner challenges his 1959 state conviction of forcible rape, resulting from a plea of guilty in the Circuit Court of Cooper County, Missouri. Petitioner was 17½ years old at the time of the crime.

The district court in a thorough review of the law and petitioner's claim denied relief on all but two of his habeas claims. The district court held that petitioner had failed to exhaust his remedies on two of the grounds: (a) that the Superintendent of the Training School for Boys in Booneville, Missouri, lacked authority to turn the petitioner over to the police without direction from the Missouri State Board of Training Schools, and (b) that petitioner was denied his right to counsel at the time he was brought to the Superintendent's office for questioning at the time of his arrest.

On review we find that the petitioner's allegations relating to the involuntariness of his plea, the denial of due process and ineffectiveness of counsel both at his trial and his post-conviction hearing must be denied for the reasons set forth in the well-reasoned opinion of the district court. We reject the two issues held not exhausted by the district court on a different basis.

The first claim challenging the authority of the training school superintendent to act is a question peculiarly related to state law and must be dismissed as not stating a federal claim for relief. Robinson v. Wolff, 468 F.2d 438, 440 (8th Cir. 1972); Shultz v. Nebraska, 353 F.2d 81, 82 (8th Cir. 1965). The second claim concerning denial of counsel during questioning at the time of arrest was found by the district court not to have been exhausted in the state court by petitioner. This same claim was raised in an earlier proceeding in the federal district court in 1966. Russell v. Swenson, 251 F.Supp. 196 (W.D. Mo.1966). At that time the federal district court held that the petitioner had not exhausted his state remedies as to the claim that "petitioner lacked the effective assistance of counsel at all stages of investigation and prosecution." Id. at 200. The district court noted that petitioner had filed a prior habeas corpus petition in the Circuit Court of Cole County. The court noted that the state court afforded petitioner a hearing and that on July 16, 1962, the issues were found generally against the petitioner. At that time no appeal was authorized under Missouri procedures. 251 F.Supp. at 200.

However, the district court held:

This does not constitute an exhaustion of currently available state remedies in Missouri. . . . Since the 1962 Cole County habeas corpus hearing and denial occurred prior to the trilogy and therefore was not adjudicated under current federal standards, the petitioner was not precluded thereby in 1964 and thereafter from requesting relief in the trial and appellate courts to secure relief under current federal standards. Until a motion exhausting the available state remedies under Rule 27.26 has been denied on its merits under the standards of the trilogy by the trial court and the Supreme Court of Missouri, this Court should entertain federal habeas corpus only in cases involving exceptional circum-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

stances showing the motion under Rule 27.26 is inadequate or ineffective. *Id.* at 201.

Although the petitioner proceeded thereafter in state court, he did not pursue this particular claim for relief. Our earlier decisions dealing with exhaustion of remedies under Missouri procedures required resubmission of a state habeas claim under the amended Rule 27.26 of the Missouri Supreme Court, V.A.M.R. *See, e. g.,* Cheek v. Swenson, 387 F.2d 339 (8th Cir. 1967); Worley v. Swenson, 386 F.2d 186 (8th Cir. 1967); Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967).

However, we think some doubt is cast on those cases by the United States Supreme Court's subsequent decisions dealing with exhaustion of state remedies in Francisco v. Gathright, 419 U.S. 59, 95 S.Ct. 257, 42 L.Ed.2d 226 (U.S. Nov. 19, 1974), and Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), as well as the admonition that the exhaustion requirement was not meant to provide the state with more than one full and fair opportunity to decide a question or to require repetitious applications to state courts. Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). *Accord,* United States ex rel. Condon v. Erickson, 459 F.2d 663 (8th Cir. 1972).

■ We need not decide that question here, however, because we find that petitioner's claim on its face fails to state a claim for relief. The allegation that the petitioner was denied the right of counsel at the time of his 1959 arrest does not allege in any way how these facts were operative and prejudicial at the time of his subsequent voluntary plea of guilty when he was adequately represented by counsel. *See* North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Parker v. North Car-

olina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). In Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the Supreme Court observed:

> We thus reaffirm the principle recognized in the *Brady* trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann.*

411 U.S. at 267, 93 S.Ct. at 1608.[1]

Thus, under the circumstances petitioner has failed to plead a claim for federal relief. *Cf.* Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971).

■ This is the latest in a long series of state and federal post-conviction petitions filed by petitioner Russell. We think it useless to require petitioner to exhaust his state remedy on a claim that even if true fails to allege grounds upon which any post-conviction relief might be granted. *See* Rice v. Wolff, 513 F.2d 1280 (8th Cir. 1975). Surely, the state courts are not interested, solely for the sake of comity, in processing a meritless claim.

The judgment of dismissal requiring exhaustion of remedies is vacated; the district court's order denying habeas corpus relief is otherwise affirmed.

---

1. We are unaware of any Missouri procedure similar to the New York Code Crim.Proc. § 813–c (now recodified as New York Crim. Proc.L. §§ 710.20(1), 710.70(2)) which allows appeals on constitutional issues relating to adverse rulings in a pretrial hearing notwithstanding a guilty plea. *See* Lefkowitz v. Newsome, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1965). In any event, this is not the situation presented here.