**STATE of Missouri, Respondent,**

v.

**Leroy MAXWELL, Appellant.**

**No. 52214.**

Supreme Court of Missouri,
Division No. 2.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Donald L. Randolph, Asst. Atty. Gen., Jefferson City, for respondent.

No attorney for appellant.

EAGER, Presiding Judge.

This proceeding is one instituted under Criminal Rule 27.26, V.A.M.R. by motion to vacate a judgment and sentence for robbery with a dangerous and deadly weapon. Defendant was convicted by a jury on May 2, 1962, and, upon a finding by the court of four prior felony convictions, he was sentenced to a term of forty years. On appeal the judgment was affirmed. The opinion of this Court appears at 376 S.W. 2d 170. The present motion was overruled without the hearing of evidence. Defendant has been permitted to appeal in forma pauperis from that ruling.

The motion contains much argument and immaterial matter. In so far as it contains factual allegations, however, the substance is as follows: (1) that defendant was denied adequate assistance of counsel in that he was in jail for five months awaiting trial on a capital charge and was without counsel until "the date the trial actually began"; that he did not have counsel at any preliminary stage; that "they gave me a public defender five (5) minutes before going to trial * * *," and that this was the first time he "ever saw a counsel * * *." Therein he alleges a violation of due process. (2) As a further ground defendant alleges that in charging him in one indictment with four prior felonies and the principal robbery, and in the procedure by which the trial judge "removed" and heard four of the charges and found him guilty, whereas the fifth (the robbery) was left to a verdict of the jury, his rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated. He thus claims that he was placed in double jeopardy and also that he was denied both due process and equal protection. Defendant apparently contends that he was subjected to two different trials by the procedure just mentioned.

We have examined the transcript on appeal which was filed here in the principal case. Defendant was indicted on January 16, 1962, for robbery with a dangerous and deadly weapon, with the added charge of the commission of four prior felonies. The entry of his arraignment was as follows: "On January 23, 1962, on arraignment, defendant pleaded not guilty." The entry made at the beginning of the trial on May 1, 1962, recites that the trial began with "Jack L. Koehr, Esq., appearing for the Defendant, from the Office of the Public Defender." Mr. Koehr appeared throughout the trial. No order of appointment of counsel is shown in the transcript, nor is any appearance of counsel shown prior to the trial.

We shall consider, first, defendant's constitutional attack upon our "Second Offender" statute and procedure. Section 556.280, RSMo 1959, V.A.M.S. (Amended Laws, 1959); this supplanted a prior statute of the same number. The provisions of the new statute permit the trial judge to hear the evidence of prior convictions outside the presence of the jury, to make findings thereon prior to the submission of the issue of guilt or innocence to the jury, and to assess the punishment of the defendant if he is found guilty by the jury. This procedure does not constitute a trial for separate or different offenses; it goes only to the matter of punishment. The procedure and the statute, and indeed the prior statute, have been held impervious to attacks upon their constitutionality. On the theory of double jeopardy, see State v. O'Brien, Mo., 252 S.W.2d 357, certiorari denied O'Brien v. State of Missouri, 345 U.S. 929, 73 S.Ct. 790, 97 L. Ed. 1359; State v. Abbott, Mo., 265 S.W.2d 316; State v. Johnstone, Mo., 335 S.W.2d 199, certiorari denied 364 U.S. 842, 81 S.Ct. 81, 5 L.Ed.2d 66; State v. Collins, 266 Mo. 93, 180 S.W. 866. To the effect that there is no violation of the requirements of due process or equal protection, see: State v. Wilwording, Mo., 394 S.W.2d 383, and cases there cited; State v. Morton, Mo., 338 S.W.2d 858; State v. Deutschmann, Mo., 392 S.W.2d 279; as holding that there is no infringement of the right to trial by jury, see: State v. Garton, Mo.,

396 S.W.2d 581; State v. Brownridge, Mo., 353 S.W.2d 715. A very recent discussion of statutes of this type appears in Spencer v. State of Texas (combined with other cases) 87 S.Ct. 648, decided on January 23, 1967; there the majority held that a statute of the general type of our prior statute was immune against attack, but both the majority and the minority of the court recognized the constitutional validity of statutes of the type of our present § 556.280. The point merits no further consideration. The statute and the procedure are valid for all purposes and against all such constitutional attacks. Such a point should be denied peremptorily in future cases.

■ The other point presents the asserted failure to furnish adequate assistance of counsel; this, for the reason that plaintiff was allegedly not given counsel until five minutes before he went to trial. We are not concerned here with the absence or lack of counsel at a preliminary hearing. There was no preliminary hearing, since the charge was initiated by an indictment. Since 1835 Missouri has provided for the appointment of counsel for indigents in the trial of felony cases. R.S.Mo.1835, p. 485, § 3. That statute is substantially identical with our present § 545.820, RSMo 1959, which has been supplanted by our Criminal Rule 29.01. That Rule expands the requirement and imposes the duty upon the court to advise a defendant, upon arraignment, of his right to counsel and upon request to appoint counsel for an indigent defendant. This requirement has also been recognized in the following cases: State v. Turner, Mo., 353 S.W.2d 602; State v. Owens, Mo., 391 S.W.2d 248; State v. Moreland, Mo., 396 S.W.2d 589.

In Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, the Court held that the failure to furnish adequate assistance of counsel in a real and substantial sense was a violation of due process. The Court there said, in part, loc. cit. 56, 57, 71, 53 S.Ct. loc. cit. 59, 65: "It thus will be seen that until the very morning of the trial no lawyer had been named or definitely designated to represent the defendants. * * * In any event, the circumstance lends emphasis to the conclusion that during perhaps the most critical period of the proceedings against these defendants, that is to say, from the time of their arraignment until the beginning of their trial, when consultation, thoroughgoing investigation and preparation were vitally important, the defendants did not have the aid of counsel in any real sense, although they were as much entitled to such aid during that period as at the trial itself. * * * All that it is necessary now to decide, as we do decide, is that in a capital case, where the defendant is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance, feeble mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law; and that duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." In Avery v. State of Alabama, 308 U.S. 444, loc. cit. 446, 60 S.Ct. 321, loc. cit. 322, 84 L.Ed. 377 (a capital case) the Court said: "But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." See also Crooker v. State of California, 357 U.S. 433, 439–440, 78 S.Ct. 1287, 2 L.Ed.2d 1448.

Under recent decisions of that Court the same principles have been applied to impose the duty of appointing counsel for indigents to noncapital cases, in the absence of an intelligent waiver. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Massiah v. United States, 377 U.S. 201, 84

S.Ct. 1199, 12 L.Ed.2d 246. In Jones v. Cunningham (CA 4), 297 F.2d 851, the Court held that the appointment of counsel on the day of trial, where no real investigation was made and defendant was advised to plead guilty because of a prior confession, did not constitute a satisfaction of the defendant's constitutional rights, but was an "empty gesture." See also Sigler v. Bird (CA 8), 354 F.2d 694.

We conclude that the Court erroneously denied the present motion without hearing evidence upon the claim of inadequacy of defendant's representation by counsel. By this we do not refer to the competency or incompetency of counsel, but primarily to the failure to ascertain whether counsel was furnished so late as to prevent any real or intelligent investigation and preparation for trial, in view of the seriousness of the charge, the nature of the anticipated evidence, and all of the attendant circumstances. We now set aside that order, to the end that such a hearing may be held. The defendant should be present at the hearing, and the Court will have adequate means of procuring his presence. The defendant should also have such process as may be necessary to a full hearing, and appropriate notice should be given to the Circuit Attorney. We also direct the Court to make findings of fact and conclusions of law after hearing the evidence. We have ruled the validity of our Second Offender procedure and the trial court need not concern itself with that feature of the motion. We note that our Criminal Rule 27.26 has been radically amended, effective September 1, 1967. Any compliance with the provisions of the amended rule at this time lies largely within the trial court's discretion.

The judgment and order of the trial court denying the defendant's motion to vacate is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

All of the Judges concur.