**STATE of Missouri, Respondent,**

v.

**Leroy MAXWELL, Appellant.**

No. 52946.

Supreme Court of Missouri.

Division No. 2.

June 10, 1968.

Motion for Rehearing or for Transfer to Court En Banc Denied July 8, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Michael J. Yatkeman, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Paul L. Dobberstein, Sr., St. Louis, for appellant.

EAGER, Judge.

This is an appeal from an order denying, after a hearing, defendant's motion to vacate his judgment of conviction. He was convicted in May, 1962, of robbery with a dangerous and deadly weapon, and upon a finding of four prior convictions, was sentenced to a term of 40 years. That judgment was affirmed. 376 S.W.2d 170. The present motion was filed in the trial court on April 27, 1966, and was initially denied without a hearing. Upon appeal that ruling was reversed with directions to hold a hearing, 411 S.W.2d 237. At that time (February 13, 1967) compliance with our amended Rule 27.26, V.A.M.R. was left to the discretion of the trial court. Counsel was appointed by the trial court and a hearing was promptly held on March 27, 1967; we are unable to find that the motion was amended in any respect. Counsel has diligently briefed the matter upon this appeal.

Three supposed grounds for relief are stated in the motion: (1) that defendant was denied "adequate assistance of coun-

sel" in that he was in jail for five months, held on a capital offense, "without being provided with the aid of counsel until the date the trial actually began," and that he did not have "the guiding hand of counsel" during any of the preliminary stages. (In a pro se statement of facts appended to the motion in the prior transcript defendant asserted that "they gave me a public defender five (5) minutes before going to trial * * *.") (2) That he was subjected to two trials on the same indictment and was thus placed twice in jeopardy. (Obviously a reference, as noted previously, to the separate hearing on the matter of prior convictions) (3) That the conduct of the court was such that defendant was denied fundamental fairness.

The second ground, as expanded in a statement of facts, was fully considered and denied in our opinion shown at 411 S. W.2d 237. The third ground is purely a conclusion and states no facts which require our consideration. The first ground is the one which was considered by the trial court and is the only one which we need consider here. It consists, as stated, of the charge that defendant was not provided with counsel until the date of trial and that at no preliminary stages did he have counsel. After hearing the evidence the trial court found that defendant was not only capably represented at the trial by Mr. Jack Koehr, an Assistant Public Defender, but that he was in fact amply and capably represented from sometime in December 1961, through the period of his trial, and that counsel was "dealing with the defendant" throughout that period; also, that an attorney representing an indigent "has to make his own decisions in a great many matters" as to his procedure and advice and he should be accorded that privilege. The court concluded that the burden of proof was upon the defendant and that upon all the evidence and the records offered there was no merit in the claim; the motion was denied.

The evidence at the hearing was substantially as now set out. The defendant,

Leroy Maxwell, testified: that he was arrested on December 3, 1961; that he was arraigned on January 23, 1962 (before Judge Reagan), that he entered a plea of not guilty, that he did not have an attorney, did not speak to any attorney, and that he was not advised that counsel had been appointed; that he stayed in the city jail until his trial began on May 1, 1962, except that he was brought over to the court or to the prosecutor's office "quite a few times"; that Mr. Koehr talked to him when he was brought over for trial, told him that he had been appointed as his counsel and also told him that the Circuit Attorney had offered to recommend a sentence of 12 years, which he advised the defendant to accept; that defendant stated that he was not guilty and would not accept it; that he then told Mr. Koehr that he "had some witnesses" whom he wanted subpoenaed, giving their names, but was told that it was too late; that he did not request a continuance; that no one had gone over the facts of the case with him prior to the date of trial. He admitted that Mr. Koehr had talked with him at some length in the jail prior to the indictment and had taken a rather lengthy "background" or statistical statement from him; this was received in evidence and is dated December 26, 1961. He further testified that those indicted with him had pleaded guilty and were sentenced (presumably prior to his trial); he did not testify who the witnesses were that he supposedly wanted, and a fair inference from the record is that they were his co-defendants.

Joseph Noskay, Director of the Public Defender Bureau of the City of St. Louis, testified: that when the statistical statement was taken by his office a file was opened on defendant's case; thereafter various minutes or notes were made, showing defendant's plea of not guilty and the various continuances or resettings of the case; that he was personally present at defendant's arraignment, talked with him and

advised that a plea of not guilty be made; that he remembered the case because of the unusually "high" recommendation of the Circuit Attorney for a sentence, and from the facts of the case itself; that he also remembered that "we brought him over" a few days before the first trial setting to discuss a possible disposition.

Judge Franklin E. Reagan testified: that he was Judge of the Criminal Assignment Division in 1962, that he never waited until immediately before trial to assign counsel to an indigent, and that he universally inquired about counsel if a defendant appeared without one; that frequently the Public Defender appeared upon an arraignment and announced that he would represent the defendant or that counsel should be appointed; that by appearing at the processing of arraignments the Public Defender was able to learn the necessities of the cases; that he had no personal recollection of this case.

A deputy clerk produced the Criminal Court Pre-Trial Docket, showing that from March 5, 1962, to April 30, 1962, the Public Defender was listed as the Attorney for this defendant (and for two of his co-defendants during a part of this period) upon the various resettings of the case. It seems a fair inference that the Public Defender actually appeared for the defendant upon each of these resettings, and perhaps the defendant himself appeared on one or more. The case was assigned for trial to Division 11 (now 18) on April 30, 1962, after five prior settings.

Jack L. Koehr was an Assistant Public Defender during the period involved. He interviewed defendant at the jail on December 26, 1961, and took the rather extensive "background" statement consisting of answers to sundry questions. He testified: that he had at least one more interview with the defendant "before the trial date"; that he did not recall ever refusing to get witnesses for any defendant, but could remember no specific conversation on that subject here; that cases in which there were prior convictions were not necessarily handled by the Public Defender, but that many such cases were actually retained by them, particularly in view of possible dispositions without trial; that in such cases the file remained open and under their control unless and until the trial court appointed other counsel; that he could not remember in this instance just what was done concerning an investigation or witnesses.

The present counsel for defendant, Paul Dobberstein, testified at the behest of the trial court, to the preparation and efforts which he had made in advance of the hearing. The extent of this is not actually material to our present inquiry, but he is to be commended. We note however that he made two trips to Jefferson City where he interviewed defendant and others, presumably in the penitentiary. It is a fair inference that the "others" included the co-defendants, and that, although he had defendant brought to St. Louis to testify, the record shows no effort made by him to produce the co-defendants. There is no showing by defendant on this motion that the testimony of "other witnesses" at his trial would have aided him and indeed he did not see fit to testify himself, which of course, was his privilege.

Under our amended Rule 27.26 the defendant has the burden of establishing his grounds for relief. Paragraph (f). And, under Paragraph (j) "Appellate review shall be limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." With reference to the latter provision, this court said in Crosswhite v. State of Missouri, Mo., 426 S.W.2d 67, at loc. cit. 70:

"The appellate review thus established corresponds to the appellate review of federal post convictions under § 2255, Title 28, U.S.C. Clearly, this is not a de novo review. Rather, the findings of the trial court are presumptively correct and are to be sustained unless clearly erroneous. Amer v. United States, 8 Cir., 367 F.2d

803; Drummond v. United States, 8 Cir., 350 F.2d 983; Burge v. United States, 8 Cir., 332 F.2d 171. An excellent statement describing the 'clearly erroneous' type of review made in the federal courts and contemplated by our Rule 27.26(j) is contained in Clayton v. United States, 8 Cir., 302 F. 2d 30, 35: * * *

"Judge Matthes then proceeds to further define or explain 'clearly erroneous' by a quotation from United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, as follows: 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'

"We have examined the transcript and have concluded that there is ample basis for the findings and judgment of the trial court and that the same are not clearly erroneous."

■ There is no doubt concerning the right of an indigent to appointed counsel. State v. Maxwell, Mo., 411 S.W.2d 237, and cases there cited. And the right comprehends the duty to furnish counsel at such a time as to afford opportunity for consultation and preparation. State v. McDonald, Mo., 343 S.W.2d 68; State v. McClain, Mo., 404 S.W.2d 186; Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Jones v. Cunningham, C.A. 4, 297 F.2d 851. Here counsel first consulted defendant on December 26, 1961; counsel appeared with him at his arraignment, talked with him, and advised him to enter a plea of not guilty; he was, according to his own testimony, brought over to court or to the prosecutor's office "quite a few times" before trial; he was listed in the court's records and in the Public Defender's file as a client of that office; the Public Defender or an Assistant must certainly have been present at each time he was confronted by the court or by a representative of the Circuit Attorney's office. The span from the arraignment to trial was more than three months; during all of this time defendant had an attorney of record. Six years have now passed since the trial of this case and memories have dimmed. The defendant is now actually complaining that no attorney made adequate preparation for his trial, or consulted him on the merits until trial time. The trial court very obviously disbelieved most of his testimony.

■ We have examined the transcript of the original trial. It is replete with identifications of the defendant and with oral admissions of his guilt. The substance of the files of the Circuit Attorney was most likely known to the Public Defender; the defendant has never established how any other witnesses could have helped him, nor indeed how he could have helped himself at the trial. There was ample opportunity and time here for preparation; counsel who represented defendant have been found to be competent, and we shall not "second-guess" them as to what should have been done. Matters of trial strategy or of judgment should not be seized upon as proof of neglect or inadequacy of counsel. State v. Wilkinson, Mo., 423 S.W.2d 693, and cases cited; State v. Turner, Mo., 353 S.W.2d 602; State v. Williams, Mo., 419 S.W.2d 49; State v. Worley, Mo., 371 S.W.2d 221.

The trial court has specifically denied defendant's asserted factual claim that he was not furnished counsel until the day of trial or during any of the preliminary stages. There is substantial evidence, oral and documentary, to support the Court's findings and conclusions. The judgment is not "clearly erroneous."

The trial court expressed some doubt that provision has been made "for the payment of the preparation of the transcript by my court reporter," i.e., any transcript for an indigent upon appeal in a proceeding under Rule 27.26. We think that its fears and perchance those of others may be allayed if he and they will read this

Court's opinion in State of Missouri v. Keeble, 427 S.W.2d 404, adopted April 8, 1968. The matter is fully discussed there.

The order and judgment are affirmed.

All of the Judges concur.