**STATE of Missouri, Respondent,**

v.

**Richard BROWN, Appellant.**

**No. 53946.**

Supreme Court of Missouri,
Division No. 1.

Jan. 11, 1971.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

Bart Mantia, St. Louis, for appellant.

HIGGINS, Commissioner.

Appeal from denial, after evidentiary hearing, of motion under Criminal Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction of murder, first degree.

Richard Brown, Courtney Lorenzo Beasley, Archie B. Brown, and Jimmie Sharp were indicted for killing Vernon Coleman on May 11, 1964, by beating and kicking deceased and striking him with a cluster of brick, cemented by mortar, weighing 90 pounds. Upon his separate trial defendant was convicted by a jury; his punishment was fixed at life imprisonment, and the ensuing judgment was affirmed upon direct appeal. State v. Brown, Mo., 404 S.W.2d 179.

Appellant asserts he is entitled to a new trial because his confession was illegally obtained. This point flows from the denial of relief on grounds alleged in the Rule 27.26 motion that "The trial court erred in admitting into evidence the signed statement and confession of petitioner in violation of his constitutional rights in that: * * * petitioner was not advised of his constitutional rights to silence and counsel, and counsel was not made available to him * * * prior to signing of the statement and confession. * * * petitioner, a minor, was not taken immediately and directly before the juvenile court or delivered to the juvenile officer * * *. A juvenile officer was denied his request to see and speak with petitioner * * *."

█ Upon the original appeal appellant presented this same contention, i.e., that his confession should not have been admitted because: "Appellant, a fifteen year old * * * was not given the advice of his mother, an attorney or an adult friend, he was not taken before the juvenile court as required by law and an officer of the juvenile court * * * was restrained from talking with defendant until after he signed a confession * * * and, further, appellant was not advised of his right * * * to remain silent * * *." Appellant's motion concedes, as it must, that his present ground for relief has been previously presented to this court in the original appeal. The contention was denied upon original appeal "for the reason that, assuming arguendo * * * that the statement should have been excluded, its admission could not have been prejudicial to defendant because he subsequently testified to every material fact therein. '[W]hen the truth of a confession is established by the very person who made it under such solemn circumstances as on oath in open court, he may not be permitted to claim error because of the use of the confession on the ground it was involuntary.'" State v. Brown, supra, 404 S.W.2d l.c. 182[1, 2]. Since this exact issue has been resolved on review of the original judg-

ment, it need not and will not be reviewed again in this collateral attack under Rule 27.26, Crawford v. State, Mo., 436 S.W.2d 632, 633[1, 2].

Appellant's remaining contention and ground for relief is that he should have a new trial "because defense counsel was negligent and incompetent in his use of trial tactics pertaining to the confession."

The only evidence at the hearing was the testimony of John D. Chancellor, appellant's counsel at trial and on original appeal. The record shows that Mr. Chancellor, now an assistant city counselor in St. Louis, was licensed in 1961, and was on the staff of the public defender's office under supervision of Mr. Joseph Noskay and Mr. Milton Metz from February, 1963, to January, 1965, when the case was tried. At the time of trial he had been doing most of the jury trial work for the public defender's office. In addition to his superiors, he had the assistance of Attorney Charles Kitchin, now of the circuit attorney's office, as an investigator. Mr. Chancellor was assigned to this case about a year before trial, and during that year he had several conferences with his client and his client's family. He talked to witnesses and prepared the defense. Prior to trial, he moved to suppress his client's confession, and, failing in this move, he redesigned his trial strategy to take advantage of the confession. In order to do so, it became necessary to have defendant's testimony and, accordingly, he made the decision to put his client on the stand. "I had a fifteen year old boy and that decision was to be made by me. * * * after thorough investigation and after the State's case was closed my theory of defense, and I felt then and still feel, was borne out by the truth. The charge was, that * * * Coleman died as a result of a blow received when defendant, Richard Brown, dropped a large cluster of bricks * * * on his head. * * * but all evidence indicated that cluster of bricks never did fall on his head, it fell on his chest area. * * * at this time these boys abandoned the alley, Vernon Coleman was very much alive * * * The body * * * was found two hours later. There was one boy who did not come out of the alley when all others did, Courtney Beasley, * * *. So, at the close of the State's case I had what I felt to be the truth * * * and I did not feel I should stand on the inadmissibility, but put him on the stand to show that cluster of bricks never struck him in the head, it fell and struck him in the chest and that he was found dead two hours later. * * * The colossal question was time of death, and I felt I needed him to do it. The confession bore this out. Not having the confession sustained (suppressed) I used it to the best of my ability to help me. The confession bore out the bricks fell on his chest and Coleman was alive when he left the alley. Here is the same statement made in the confession, it is there, and that is why I put him on the stand. I would probably do the same thing tomorrow. * * * The State put the cluster of bricks in his hand, I had nothing to accomplish by letting him sit moot (mute). * * *

"Q Was it your contention the confession was valuable to the defense of Richard Brown? A Not alone; having been in I felt it could be used best. Q Since it was in there why did you on your appeal claim it was error in admitting this confession by Brown? * * * A * * * I hit him with everything I had on the appeal; hit with everything to get a reversal."

There was no contradiction of the substance and effect of Mr. Chancellor's testimony and, on such evidence, the court denied relief, finding "that Mr. Chancellor's theory was sound and logical under the circumstances and he was exercising his sound judgment based upon his experience in the criminal practice and counsel with Mr. Metz and Mr. Noskay * * * this defendant had a fair trial; that the theory advanced by defense counsel at the time of trial was logical and that the defense

\* \* \* was adequately prepared and presented."

■ ■ Matters of trial strategy or of judgment are not to be seized upon as proof of ineffectiveness of counsel, State v. Maxwell, Mo., 430 S.W.2d 152, 155[2]; and the question of effective assistance of counsel must be determined from all the circumstances as they existed at the time the attorney was required to act and not from the position of a critical reviewer in retrospect, State v. Wilkinson, Mo., 423 S.W.2d 693, 697[2]. So tested, it may not be said on this record that the trial court's findings on the allegation with respect to counsel are "clearly erroneous." Rule 27.-26, supra; Deckard v. State, Mo., 456 S.W.2d 35, 37[2].

· Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and JOURNEY, Special Judge, concur.

BARDGETT, J., not participating because not a member of the court when cause was submitted.