Russell Ray MAGGARD, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 56152.

Supreme Court of Missouri,
Division No. 1.

Sept. 13, 1971.

Motion for Transfer to Court En Banc or
for Rehearing Denied Oct. 11, 1971.

Scott Orr, Sapp, Woods, Dannov & Orr, Columbia, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

This is an appeal from the judgment of the Circuit Court of Barry County overruling appellant's motion under S.Ct. Rule 27.26, V.A.M.R., wherein appellant sought to have the judgment and sentence of life imprisonment entered on his plea of guilty to a charge of first-degree murder vacated. Appellant has been represented by court-appointed counsel at the evidentiary hearing in the circuit court and on this appeal.

Three points are urged on this appeal. They are: (1) the trial court erred in denying relief because the sentencing court failed to hold an evidentiary hearing to determine if appellant was mentally competent to stand trial prior to accepting his plea of guilty; (2) the trial court erred in failing to hold an evidentiary hearing to determine appellant's mental competence prior to allowing him to waive his right to a jury trial; and (3) error in failing to set aside the judgment and sentence because appellant's counsel failed to pursue the issue of mental competence of appellant at the time of the offense and at the time of

trial and thus appellant was deprived of adequate and effective assistance of counsel.

Appellant filed his 27.26 motion pro se in the Circuit Court of Barry County on April 1, 1970, asserting fifty grounds for relief. On June 5, 1970, the court appointed counsel for appellant. On August 7, 1970, an evidentiary hearing was held at the outset of which appellant filed an amended motion by which he re-alleged sixteen of his original grounds and added an additional six.

■ Points (1) and (2) noted above are not reviewable on this appeal for the reason that they were not raised in the motions filed in the circuit court and are presented for the first time here. Fritz v. State, Mo., 449 S.W.2d 174; State v. Eaton, Mo., 394 S.W.2d 402.

Following the evidentiary hearing on appellant's Rule 27.26 motion the court made findings of fact and conclusions of law on all submitted issues. Among the court's findings and conclusions is the following:

"The Court finds as a fact from the evidence that while Movant may not have read the reports of the two doctors who examined him as to his mental condition, that he was informed of the contents, that he knew about it, that he permitted his attorney to file and enter a plea of not guilty by reason of insanity; that he was informed of the reports made, and that he fully, freely, and with full knowledge knew that the plea of not guilty by reason of insanity would not stand up, but that such a plea was without merit, and he acquiesced in permitting his attorneys to withdraw this plea, and which was done in open court in the presence of Movant.

"The Court finds that Movant had had effective counsel and that they left no stone undone in his defense. That their representation of Movant was commendable, and that this Court knows of nothing that they could have done that they did not do for Movant."

The trial court also entered the following conclusion of law: "The Court finds as a matter of law that the Movant, Russell Ray Maggard, had effective aid of counsel, that the grounds set out under his Motion had not been proven by him, and that he is not entitled to the relief sought."

A summary of the facts reflected by the record and pertinent to this appeal follows:

On June 14, 1968, appellant was charged by information in the Circuit Court of Greene County with first-degree murder. He had already retained counsel to represent him. On June 20, 1968, appellant filed "Notice to Rely on Defense of Mental Disease and Motion for Appointment of Physician for Examination of Defendant". This document asserted that if the state was not willing to accept the defense of not guilty by reason of mental defect or disease, excluding responsibility, the court should appoint a physician to examine him and report on his mental condition in regard to said defense. Paragraph three of this notice and motion asserted that "defendant has a mental disease or defect excluding him from being fit to proceed in his defense of this proceeding and that as a result of a mental disease or defect, he lacks the capacity to understand the proceeding against him or to assist in his own defense", all pursuant to §§ 552.020 and 552.030, RSMo 1969, V.A.M.S.

The state refused to accept the plea of not guilty by reason of mental defect, etc., and the court appointed a neuropsychiatrist and· a clinical psychologist to examine the defendant. In so doing the court made no preliminary findings whatever, but merely ordered appellant examined by the two doctors.

The minute entry of June 21, 1968, of the Greene County Circuit Court is, "Now on this day comes the Prosecuting Attorney of Greene County, who prosecute[s] on behalf of the State and as well the defendant in person and with his attorney and counsel Scott Traylor, in open Court and said defendant now waives reading of the information preferred against him by said Prosecuting Attorney charging him with the crime of First Degree Murder and for his plea thereto says that he is not guilty in manner and form as he stands charged in the information by reason of mental disease or defect excluding responsibility, and of this plea puts himself upon the Country [sic] for trial. State does not accept defendant's plea. Defendant now raises the defense that he is unable to assist in his own defense as set forth in defendant's motion, paragraph 3; whereupon the Court orders that defendant be examined by a psychiatrist and doth appoint Dr. William F. Clary and Dr. Robert Murney to examine defendant ,and report to the Court. * * *"

These examinations were conducted on July 8, 1968, and both doctors rendered a detailed report of the examinations and opined that appellant was mentally competent at the time of the offense and at the time of examination. The reports were received by appellant's counsel in late July or early August 1968. On September 3, 1968, appellant filed a motion for change of venue alleging that he could not receive a fair and impartial trial in Greene County because of the bias and prejudice of the inhabitants with supporting affidavits. Following a hearing this motion was sustained and the cause was transferred to Barry County Circuit Court where all subsequent proceedings took place.

One of appellant's trial attorneys testified that he read, studied, and evaluated the medical reports and went over them with appellant between July 25 and September 11, 1968, as well as with appellant's family. This was denied by appellant. The credibility of the witness was for the trial court's determination. The idea of filing the motion for mental examination and defense of mental defect was the attorney's, and following the receipt of the reports appellant was advised they contained no evidence to support the plea. It was then that the change of venue from Greene

County was filed and the cause transferred to Barry County.

■ The record reflects that the sentencing court did not enter a specific finding that appellant was competent to proceed as it should have done pursuant to § 552.-020(6); however, this was not prejudicial to appellant because the record as a whole reflects that the sentencing court did satisfy itself that the appellant knew precisely what he was doing and the consequences of his actions in connection with the appellant's waiver of jury trial and his plea of guilty. On the record of this case, it is clearly inherent in the determination by the trial court to permit appellant to waive jury trial and, on a subsequent date, to enter a plea of guilty that the trial court found appellant to be competent to assist in his own defense as well as competent to intelligently, knowingly, and voluntarily waive jury trial and enter a guilty plea.

In this connection the record reflects the following: Appellant appeared in court with counsel on November 11, 1968, and was informed that his case was set for trial for December 17, 1968. On December 3, 1968, appellant again appeared in court with counsel on his attorney's motion to withdraw as he had not been paid his fee. The court questioned appellant and told appellant the attorney would not be permitted to withdraw unless appellant so desired. After consulting privately with his attorney, appellant announced he would prefer for the attorney to remain in the case. The court overruled the motion to withdraw and appointed additional local counsel to assist in the defense. The record reflects that appellant demonstrated a knowledgeable awareness of the proceedings.

On December 9, 1968, appellant again appeared in court with counsel on appellant's request to waive jury trial. The court again directed numerous questions to appellant and carefully explained appellant's rights to him and the consequence of jury trial waiver. Appellant again evidenced a clear understanding of the proceedings. The court permitted appellant to waive trial by jury and told appellant the case would be tried to the court on December 17, 1968. Nothing occurred to indicate any lack of ability in appellant to cooperate in his own defense.

On December 17, 1968, appellant with both of his attorneys again appeared in court and the state and appellant announced ready for trial. The court was then informed that appellant desired to plead guilty as charged. The court again meticulously questioned appellant with respect to appellant's understanding of the charge, range of punishment, his right to trial, the possible consequences of his plea, the fact that appellant had fully consulted with his attorneys, and appellant's knowledge of the proceedings and voluntariness of his plea. During the course of these proceedings, and in appellant's presence, appellant's counsel withdrew the plea of mental defect and motion for mental examination filed June 21, 1968. The court questioned appellant's counsel with reference to the said notice to rely on mental defect and request for mental examination and was informed that the medical reports had been read, studied, and gone over with appellant and that the plea of mental defect was being withdrawn because it had no merit. The court asked if there was any objection to the court's considering the two medical reports and appellant's attorney said defendant had no objection. A presentence investigation was ordered.

On January 4, 1969, appellant again appeared in court with both attorneys for sentencing. In the course of the sentencing proceedings the court said, "I have studied in detail the psychologist's report and the psychiatrist's report, which to me indicate that you were legally sane at the time you committed this terrible crime, * * *" Appellant was sentenced to life imprisonment.

Appellant's trial attorneys further testified that the motion to waive jury trial was part of their strategy in that they believed,

and explained to appellant, that if the court permitted the appellant to waive jury trial the court would probably not impose the death penalty if appellant were found guilty by the court, and that there was no difficulty in communicating with appellant. The attorneys explained to appellant that in their opinion his chances of avoiding the death penalty were better if he pleaded guilty rather than try the case. Appellant, according to his attorneys, told them he wanted to plead guilty.

The function of the hearings conducted by the court with reference to appellant's request to waive jury trial, and at a later date to plead guilty, was to satisfy the court that appellant clearly understood what he was doing and that what he did was knowingly, voluntarily, and understandingly done. Inherent in the court's approval of appellant's request to waive jury trial as well as to plead guilty is the conclusion by the court that appellant was competent to do those acts and to cooperate in his own defense. Additionally the court did, prior to sentencing, consider the medical reports and found that appellant was legally sane at the time of the commission of the offense. There was no evidence offered at the 27.26 hearing that appellant did not have the mental competence to assist in his own defense and it is obvious from the record that the sentencing court would not have permitted jury-trial waiver nor permitted a guilty plea to be entered nor sentenced appellant had it not determined that appellant understood the charges and was competent to assist in his own defense.

■ Appellant claims he was entitled to an evidentiary hearing on the question of his competency to proceed and the court should have sua sponte held such a hearing, citing Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, and Brizendine v. Swenson, D.C., 302 F.Supp. 1011. Pate v. Robinson is the controlling authority on the subject of evidentiary hearings with respect to a defendant's mental competency to cooperate in his own defense. In Pate v. Robinson the defendant was tried and convicted of murder and sentenced to life imprisonment. Throughout the state-court proceedings Robinson's counsel raised the issue of his incompetence to stand trial and elicited from four witnesses substantial uncontradicted *evidence* tending to show Robinson to be mentally incompetent to stand trial. The U. S. Supreme Court said, 86 S.Ct. at page 842, "We believe that the *evidence* introduced on Robinson's behalf entitled him to a hearing on this issue." (Emphasis ours.) That court, noting that the position of the state was that Robinson deliberately waived the defense of his incompetence to stand trial by *failing to demand a sanity hearing* as provided by Illinois law held, nevertheless, that the evidence introduced on Robinson's behalf entitled him to a hearing on that issue, and the failure of the court to make such inquiry deprived Robinson of his constitutional right to a fair trial. The teaching of Pate v. Robinson is that the trial court must hold a competency hearing sua sponte "[w]here the *evidence* raises a *'bona fide* doubt' as to a defendant's competence to stand trial * * *." loc. cit. 842. (Emphasis ours.)

■ In the instant case there was no evidence that appellant was incompetent to assist in his own defense. To the contrary, the transcript of the record of the appearances of appellant in court during the time he was being prosecuted clearly evidenced a knowledgeable awareness on the part of appellant as to the proceedings then taking place and competence of appellant to assist in his own defense.

In Brizendine v. Swenson, supra, the U. S. District Court (W.D.Mo.), said that "* * * if, after a psychiatric examination is ordered under Missouri law, *and if, as in this case, the report's conclusion of competency is contested*, an evidentiary hearing will always follow as a matter of course, provided the trial court is familiar with and follows the requirements of Sec-

tion 552.020, V.A.M.S." 302 F.Supp. 1011, 1019.

In the instant case the opinion of the examining doctors that appellant was competent to proceed was not contested by appellant, and consequently § 552.020(6) did not require the trial court to hold a hearing. Under the facts of this case, Pate v. Robinson, supra, is not applicable. The instant case is also distinguishable on the facts from Brizendine v. Swenson, supra, where, as in Pate v. Robinson, Brizendine's attorney continually insisted that his client was mentally incompetent to understand the proceedings or to cooperate in his own defense.

On this appeal the findings and conclusions of the trial court are presumably correct and are to be rejected only if they are clearly erroneous (S.Ct. Rule 27.-26(j), V.A.M.R.; Moore v. State, Mo., 461 S.W.2d 881) and will be considered clearly erroneous only if upon consideration of the entire record this court is left with a definite and firm conviction that a mistake has occurred. Crosswhite v. State, Mo., 426 S.W.2d 67, 70–71; Moore v. State, supra. Matters of trial strategy or of judgment are not to be seized upon as proof of ineffectiveness of counsel (State v. Maxwell, Mo., 430 S.W.2d 152, 155; State v. Brown, Mo., 461 S.W.2d 743, 746) and the question of effective assistance of counsel must be determined from all the circumstances as they existed at the time the attorney was required to act. State v. Brown, supra, loc. cit. 746.

We have reviewed the record and conclude that the facts, circumstances and evidence in this case amply demonstrate that appellant was not suffering from a mental disease or defect resulting in a lack of capacity to understand the proceedings against him and was mentally capable of assisting in his own defense.

We hold that appellant's constitutional right to be represented by competent counsel was not abridged. The trial court's findings of fact and conclusions of law are not clearly erroneous.

The judgment is affirmed.

All of the Judges concur.