STATE of Missouri, Respondent,

v.

J. W. JURALOS, Appellant.

No. 42703.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 27, 1981.

Ronald E. Pedigo, Farmington, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, John Reid II, Fredericktown, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offense of burglary in the first degree, § 569.160, RSMo 1978, and the jury assessed his punishment at five years in the Department of Corrections. Defendant had been charged as a persistent offender and after a finding by the court that he was a persistent offender, the court enhanced the punishment by an additional fifteen years. Defendant appeals. We affirm.

As his first point, defendant contends the court erred in failing to sustain his motion for a directed verdict at the close of all the evidence, because the only evidence of his guilt was his mere presence in the vicinity of the burglarized house. Since defendant has challenged the sufficiency of the evidence, we must "review the evidence in the light most favorable to the state considering as true all evidence favorable to the state, direct and circumstantial, and all reasonable inferences deducible therefrom, and . . . disregard all evidence and inferences unfavorable to the state." *State v. Cox*, 527 S.W.2d 448, 450 (Mo.App.1975).

Defendant was charged with burglarizing the house of Mr. and Mrs. Archie Jett, near Fredericktown. The evidence favorable to the state revealed the following: Around noon on October 26, 1979, Mrs. Jett looked out her living room window and observed a shiny silver-colored car in the driveway. There were two men in the car; both men got out, walked onto the Jetts' front porch, knocked on the door and then "started off the porch." One of the men was the defendant, the other was Peter Hardimon. Mrs. Jett went into another room to get a gun, and when she returned, Hardimon was again on the porch. He put on brown work gloves, opened the screen door, broke the glass out of the front door, reached in, and unlocked the door. He then entered the house, where Mrs. Jett confronted him with the gun. Hardimon thereupon "ran like hell," and Mrs. Jett telephoned the sheriff's office. She did not see the car leave, but did hear it "peel out."

Shortly thereafter, responding to Mrs. Jett's call, the sheriff encountered, pursued, and stopped a car matching the description given by her. Hardimon was the driver and defendant was sitting in the passenger seat. The sheriff testified that when the suspect vehicle passed his patrol car, he saw defendant bending over, apparently putting something under the front passenger seat. Two pairs of brown work gloves were found under the front passenger seat of the vehicle.

Mere presence at the scene of the crime is insufficient, by itself, to support a conviction. *State v. Castaldi*, 386 S.W.2d 392, 395 (Mo.1965). However, presence, when coupled with other factors such as flight from the scene, companionship with persons directly involved in the offense, and suspicious conduct before or after the offense, may give rise to circumstances upon which guilt may be inferred. *State v. Simmons*, 494 S.W.2d 302 (Mo.1973). To convict a defendant of burglary, it is not necessary that the state prove that he personally committed each act involved in the offense. *State v. Boothe*, 364 S.W.2d 569, 571 (Mo. 1963). In this case, the evidence showed that defendant was apprehended while in flight from the scene of the burglary, only minutes after it occurred. The evidence further showed that defendant was in the company of Hardimon for the several hours immediately preceding the incident, as well as directly afterward. In fact, defendant was with Hardimon when he knocked on the door just prior to the burglary. In addition, it appears that the sheriff observed defendant, shortly before his arrest, attempting to put something under his seat in the car, where gloves similar to those used in the burglary were subsequently found. This evidence, taken together, was

sufficient to make a submissible case against defendant for burglary in the first degree.

 Defendant next contends that the trial court erred in finding him to be a "persistent offender." He claims §§ 558.016 and 558.021, RSMo 1978,[1] created an independent criminal offense without affording him a constitutional right to a trial by jury on the question of his persistent offender status. Defendant makes no claim that the trial judge failed to follow the statutory procedures in finding him to be a persistent offender.

Although Missouri courts have not previously passed upon the constitutionality of these persistent offender provisions, the procedures established by the provisions are much like those of the old "Second Offender Act," § 556.280, RSMo 1969 (repealed). In regard to a similar challenge made to those procedures, the Missouri Supreme Court stated:

> The provisions of the [second offender] statute permit the trial judge to hear the evidence of prior convictions outside the presence of the jury, to make findings

thereon prior to the submission of the issue of guilt or innocence to the jury, and to assess the punishment of the defendant if he is found guilty by the jury. This procedure does not constitute a trial for separate or different offenses; it goes only to the matter of punishment. The procedure in the statute, and indeed the prior statute, have been held impervious to attacks upon their constitutionality.

*State v. Maxwell*, 411 S.W.2d 237, 239 (Mo. 1967), *appeal after remand* 430 S.W.2d 152 (Mo.1968). We conclude defendant's argument, that §§ 558.016 and 558.021, RSMo 1978, created a separate offense, is without merit.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.

---

1. The pertinent provisions of the two statutes are as follows:

Section 558.016:

1. The court may sentence a person who has pleaded guilty to or has been found guilty of a class B, C, or D felony to an extended term of imprisonment if it finds the defendant is a persistent offender or a dangerous offender.

2. A 'persistent offender' is one who has been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode.

3. A 'dangerous offender' is one who:

(1) Is being sentenced for a felony during the commission of which he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted or threatened to inflict serious physical injury on another person; and

(2) Has been previously convicted of a class A or B felony or of a dangerous felony.

. . . . .

(This section has recently been amended slightly by the addition of a provision relating to class A felonies. § 558.016.4, RSMo Supp. 1980).

Section 558.021:

1. The court shall not impose an extended term under section 558.016 unless

(1) The indictment or information, original, amended or in lieu of an indictment, pleads all essential facts warranting imposition of an extended term; and

(2) After a finding of guilty of a plea of guilty, a sentencing hearing is held at which evidence establishing the basis for an extended term is presented in open court with full rights of confrontation and cross-examination, and with the defendant having the opportunity to present evidence; and

(3) The court determines the existence of the basis for the extended term and makes specific findings to that effect.

2. Nothing in this section shall prevent the use of presentence investigations or commitments under sections 557.026 and 557.031, RSMo.

3. At the sentencing hearing both the state and the defendant shall be permitted to present additional information bearing on the issue of sentence.

(For a recent discussion of these provisions, *see State v. Berry*, 609 S.W.2d 948, Mo.1981.)