**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Gary Lee MANGAN,
Defendant-Appellant.**

**No. 12126.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 28, 1981.

Motion for Rehearing Overruled and to
Transfer to Supreme Court Denied
Oct. 15, 1981.

John D. Ashcroft, Atty. Gen., Brian P. Seltzer, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Linda K. Thomas, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted of second degree burglary and sentenced to seven years imprisonment. He presents three points for our review which we consider in the order presented.

His first point contends that there was insufficient evidence to support the conviction. In determining if the evidence is sufficient to support the charge, we consider the evidence and all reasonable inferences in the light most favorable to the state and we disregard all evidence and inferences to the contrary. *State v. Powers*, 613 S.W.2d 955, 956 (Mo.App. 1981). Any fact may be established by circumstantial evidence, and if the circumstances are inconsistent with defendant's innocence, it is not necessary that they be absolutely conclusive of his guilt. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App. 1979). Between approximately 5:30 p.m. on June 25, 1980 and 8:00 o'clock a.m. on June 26, 1980, a break-in occurred in a building owned by

three Springfield dentists who practiced their profession there. Entry was gained by breaking a skylight. When broken, its edges became "like jagged glass". At approximately 8:00 o'clock a.m. on June 26th a small amount of blood was observed on a wall in the immediate area of the skylight. The blood was "more dry than wet, just slightly moist." A "penlight" flashlight, "alligator clips", and approximately two ounces of used dental gold were missing.

Defendant was seen by a police officer at 6:50 a.m. on June 26, 1980, approximately two blocks from the dentists' building. Defendant was not wearing a shirt and had "fresh" scratches on his upper body. He told the officer his name was Tim Brown. The officer said defendant was "nervous and evasive on answering questions". He was arrested on another charge and taken to the police station. There the officer learned that defendant had on him a penlight, a set of alligator clips, and used dental gold. An employee at the dental office testified that the penlight and alligator clips were "exactly" like those missing from the dentists' building and the used dental gold was "similar" to that missing. It is a fair inference from the evidence that the used dental gold taken was not sufficiently remembered to be identified positively.

■ There is seldom strict proof of the identity of property which does not bear identifying marks; such identification may be proved by circumstantial evidence, and the question of identification is normally one for the jury. *State v. Sloan*, 548 S.W.2d 633, 638 (Mo.App. 1977). Defendant had fresh scratches and blood was found near the point of entry. Dental gold was not the kind of item a person would ordinarily carry. Defendant had three items which could have been taken from the building and was a short distance from it near a time the break-in could have occurred. These are all circumstances that the jury could consider in deciding if these were the missing items. We hold that the items were sufficiently identified to allow the jury to decide if they were the ones taken. See *State v. Pulis*, 579 S.W.2d 395,

399 (Mo.App. 1979). An inference of guilt is permissible from the unexplained possession of personal property recently stolen in a burglary. *State v. Sloan*, supra, 548 S.W.2d at 638. The jury could have determined that defendant had possession of items taken in the burglary and if they did so, that was sufficient evidence to support the conviction. Point one is denied.

■ Defendant's second point contends that the court erred in admitting in evidence the alligator clips and dental gold as no proper chain of custody was shown. These items were absolutely identified by the arresting officer as those taken from defendant at the police station. Chain of custody is an irrelevant issue where the exhibit is positively identified. *State v. Ingram*, 607 S.W.2d 438, 441 (Mo. 1980). Point two is denied.

Point three contends that the court erred in admitting in evidence the dental gold because it could not be identified as belonging to the dentists and because the penlight, alligator clips and gold could not be identified "with a reasonable degree of certainty". What we have said in discussing the first point disposes of this point. In view of the circumstances, we believe these items were identified sufficiently for the jury to determine if they were taken in the break-in. Point three is denied.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.