James W. **JURALOS**, Movant,

v.

**STATE of Missouri, Respondent.**

No. 45431.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 14, 1982.

Rehearing Denied Oct. 15, 1982.

John M. Williams, Flat River, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, John W. Reid, II, Pros. Atty., Madison County, Fredericktown, for respondent.

CLEMENS, Senior Judge.

Appeal from summary denial of a Rule 27.26 motion. Movant-defendant had been convicted of first-degree burglary. *State v. Juralos,* 611 S.W.2d 569 (Mo.App.1981).

The sole contention now raised is lack of effective counsel in failing to offer an instruction on the lesser included offense of second-degree burglary. The statutory distinction is whether there is a person lawfully present in the burglarized property. Sections 569.160.1 and 569.170.1, RSMo. 1978.

The underlying evidence here was that defendant and one Peter Hardimon went onto the front porch of Mrs. Archie Jett's home; Hardimon broke a screen and door; as he entered the house Mrs. Jett pointed a gun at him; both men fled. *See State v. Juralos, supra.*

Section 556.046.2 states: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." An instruction on a lesser included offense need not be given when, as here, it is not supported the evidence. Defendant's point was squarely refuted in *State v. Hill,* 614 S.W.2d 744[6] (Mo.App.1981). *See also State v. Umfleet,* 538 S.W.2d 55[7–8] (Mo.App.1976).

Counsel was not ineffective in failing to request an instruction on second-degree burglary. *Compare Brown v. State,* 490 S.W.2d 657[1–4] (Mo.App.1973).

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.