**Gary Lee MANGAN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13145.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 8, 1984.

Motion for Rehearing or to Transfer to
Supreme Court Denied Feb. 29, 1984.

Application to Transfer Denied
March 20, 1984.

Frank V. DiMaggio, Asst. Public Defender, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Chief Judge.

Gary Lee Mangan was jury-tried and convicted of second degree burglary and thereafter sentenced to seven years' imprisonment by the trial court. His conviction was subsequently affirmed by this court. *State v. Mangan,* 624 S.W.2d 156 (Mo.App.1981).

Mangan then filed a pro se Rule 27.26 motion, seeking to vacate his sentence. He listed two grounds as the basis for his motion, which were 1) "the trial court failed to properly instruct the jury on all elements of the crime for which petitioner-movant stood charged", and 2) ineffective assistance of trial counsel because "counsel for movant failed to request that the trial court properly instruct the jury on all elements of the crime for which petitioner-movant stood charged."

The specifics of these allegations were the failure of the trial court to give instructions MAI–CR2d 2.10 and 2.12, and the failure of the trial court to give an instruction on criminal trespass as a lesser included offense of the crime of second degree burglary. Mangan admitted in his motion that his trial counsel did not request the giving of such instructions, but contended

his lawyer at trial was ineffective for not doing so.

Counsel was appointed for Mangan and the 27.26 motion was set for hearing. At the hearing, Mangan's counsel advised the trial court that Mangan had not requested that the 27.26 motion be amended. Counsel also advised the trial court that he had twice read the transcript, that he found nothing there to sustain Mangan's 27.26 allegations, that the record did not show defendant's trial counsel to be ineffective, and that he had advised Mangan of those conclusions. In his motion, Mangan stated he had no witnesses and relied on the trial transcript to prove his contentions. No evidence was introduced at the hearing. The trial court, thereafter, issued comprehensive findings of fact, conclusions of law, and a judgment denying the relief requested. Mangan appealed.

Although the trial transcript has not been filed here as a part of the legal file, Mangan's brief alleges that the following evidence was introduced at Mangan's trial on the burglary charge.

Between the hours of 6:30 P.M., June 25, and 6:50 A.M., June 26, 1980, someone broke into an office building located at 1628 South Campbell, Springfield, Missouri. Entry was gained through a glass skylight, which was broken by the intruder. The building housed several dental offices. When the dentists and their staff arrived at their offices on the morning of the 26th, they found their offices in general disarray, leaving the appearance that they had been ransacked. A "penlight" flashlight, some alligator (towel) clips, and some used dental gold were missing from one of the offices.

At 6:50 A.M. on June 26th, Mangan was arrested about two blocks from the burglary scene. He was not wearing a shirt, had "fresh" scratches on his upper body, and had a "penlight" flashlight, a set of alligator clips, and dental gold on his person. These items were identified at trial as looking like those missing from the dentist's office. No mention was made at trial of any co-defendant or co-conspirator. Defendant presented no evidence.

We accept Mangan's version of the facts as the evidence in the burglary case.

■ MAI–CR2d instructions 2.10 and 2.12 were effective at time of the burglary trial. Those instructions explained the basis for accessorial liability and were applicable when the evidence shows the defendant acted with, or aided, another person in the commission of a crime. There was no evidence at trial that would have justified the giving of either instruction.

■ Mangan's other claim of instructional error is the failure of the trial judge to instruct on the lesser included offense of trespass. No request was made to give such an instruction at trial, and no claim of error was made, via motion for new trial or in Mangan's brief in his appeal of the burglary conviction, because of failure to give a trespass instruction. Instructional error is not generally cognizable in a post-conviction proceeding, especially where, as here, the evidence supporting movant's conviction has been reviewed on a direct appeal and found to be sufficient to sustain the conviction. *Arnold v. State*, 632 S.W.2d 54, 55 (Mo.App.1982). Further, even though first degree trespass is a lesser included offense of burglary in the second degree, the trial judge is not obligated to instruct on trespass, unless there is evidence from which the jury could find that the building was entered without any intent to commit a crime therein. *State v. Davis*, 625 S.W.2d 903, 905–906 (Mo.App. 1981). Since there was no error on the part of the trial court for not giving a trespass instruction, Mangan's trial counsel could not have been ineffective for failure to request one. *Juralos v. State*, 641 S.W.2d 445, 446 (Mo.App.1982).

This appeal borders on the specious, and is another example of why appellate courts are overburdened, and why decisions on those appeals that are meritorious are delayed.

Judgment affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.